UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OBED TASIS,

    Plaintiff,

v.                                            Case No.:  2:24-cv-930-SPC-KCD

CARMINE MARCENO and
JAMES NEWBERN.

    Defendants.
                                       /

## OPINION AND ORDER

Before the Court are Defendant James Newbern's Motion to Dismiss Count Five of the Second Amended Complaint (Doc. 33) and Plaintiff Obed Tasis' Response (Doc. 37). For the below reasons, the Court grants the motion.

This is a Section 1983 action against the Sheriff and his deputy. Tasis alleges the following in his second amended complaint.[1] On a June night in 2023, Tasis drove to a bank ATM to withdraw cash for a bingo game. (Doc. 31 ¶ 8). But Newbern, a Lee County Sheriff's deputy, was not playing games that night. Newbern arrived at the ATM and accused Tasis of racing and driving while drunk. (*Id*. ¶¶ 10, 12). Tasis denied racing and drinking and declined a

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

breathalyzer test. (*Id.* ¶¶ 10, 12, 15). In any event, Newbern arrested him, handcuffed him behind his back, and placed him in the back of his patrol car. (*Id.*). Tasis is prediabetic and will likely need a hip replacement, so he requested water and complained that the handcuffs were causing him pain. (*Id.* ¶¶ 17, 20). Newbern ignored his pleas. (*Id.* ¶ 18). Tasis sat handcuffed behind his back in the patrol car for three hours and then another two hours after arriving at the jail. (*Id.* ¶¶ 19, 22).

After the incident, Newbern signed a probable cause affidavit in which he claimed Tasis twice admitted to racing. (*Id.* ¶ 26). He also swore that Tasis smelled like alcohol, was stumbling, and was using the vehicle to hold himself upright. (*Id.*). The only problem, says Tasis in his Complaint, is that a security camera captured the arrest, and its footage contradicts Newbern's story. (*Id.* ¶ 27). The state initiated criminal proceedings against Tasis but ultimately dismissed all counts. (*Id.* ¶¶ 28–29).

Plaintiff now sues Newbern and Defendant Carmine Marceno, the Sheriff of Lee County. (Doc. 31). Plaintiff brings Section 1983 claims for false arrest and excessive force (Counts IV and V) as well as state-law claims for false imprisonment and malicious prosecution (Counts I, II, and III). (*Id.*). Newbern moves to dismiss Count V on qualified immunity grounds. (Doc. 33).

**Legal Standard**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (internal quotation marks and citation omitted). "When a court concludes the defendant was engaged in a discretionary function, 'the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity.'" *Hill v. Cundiff*, 797 F.3d 948, 978 (11th Cir. 2015) (quoting *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)).

A plaintiff may show that his rights are "clearly established" in three ways. As the Eleventh Circuit has summarized:

> First, a plaintiff may show that a "materially similar case has already been decided," whose facts are similar enough to give the police notice. *See Keating v. City of Miami*, 598 F.3d 753, 766 (11th Cir. 2010). Second, he may show that a "broader, clearly established principle should control the novel facts" of his case. *Id.* This "broader" principle may be derived from "general statements of the law contained within the Constitution, statute, or caselaw." *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005) (alteration adopted) (emphasis added) (quoting

3

> *Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003)). Finally, a plaintiff may show that the officer's conduct "so obviously violates [the] constitution that prior case law is unnecessary." *Keating*, 598 F.3d at 766 (quoting *Mercado*, 407 F.3d at 1159). While we must be mindful of the "specific context of the case," we "do[ ] not require a case directly on point for a right to be clearly established." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 142 S. Ct. 4, 7–8, 211 L.Ed.2d 164 (2021) (per curiam).

*Edger v. McCabe*, 84 F.4th 1230, 1235 (11th Cir. 2023).

The Court must resolve qualified immunity whenever it is raised. *Miller v. Palm Beach Cnty. Sheriff's Off.*, No. 23-13753, 2025 WL 631192, at *3 (11th Cir. Feb. 27, 2025). At the motion-to-dismiss stage, the Court must find entitlement to qualified immunity and dismiss "if the complaint fails to allege the violation of a clearly established right." *Id*. (citation omitted and emphasis added).

## Analysis

Newbern raises qualified immunity against Count V—Tasis' Section 1983 action alleging excessive force. Newbern argues—and Tasis does not dispute—that he was acting within the scope of his discretionary authority when he arrested Tasis. So the burden shifts to Tasis to show that Newbern violated his clearly established rights. *Hill*, 797 F.3d at 978.

To show his rights were clearly established, Tasis does not rely on a materially similar case and argue the facts of that case put Newbern on notice. *See Edger*, 84 F.4th at 1235. Nor does he argue Newbern's conduct so obviously

4

violated the constitution that caselaw is unnecessary. *Id.* Instead, he seems to argue that a "broader, clearly established principle" defeats qualified immunity. *Id.* (quoting *Keating*, 598 F.3d at 766). To this end, he relies on two Eleventh Circuit opinions for the principle that otherwise reasonable force can become excessive if a plaintiff has preexisting conditions, and the officer knew about those conditions. (Doc. 37 at 4) (citing *Rodriguez v. Farrell*, 280 F.3d 1341, 1353 (11th Cir. 2002) *and Davis v. Williams*, 451 F.3d 759, 767 (11th Cir. 2006)). But this principle does not save his excessive force claim.[2]

Tasis' claim can be construed as both an "artificial" and a "genuine" excessive force claim. An artificial claim is a claim that "an officer's use of force is excessive only because an arrest was not supported by probable cause." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022). A "genuine" claim, in contrast, "relates to the manner in which an arrest was carried out, independent of whether law enforcement had the power to arrest." *Id.* (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008)).

The manner of the arrest is judged under the objective reasonableness standard. *Swinford v. Santos*, 121 F.4th 179, 189 (11th Cir. 2024). Relevant factors include "the severity of the crime at issue, whether the suspect poses

---

[2] The Court considers whether Tasis' rights were clearly established by this principle. But the Court notes that Tasis' argument against qualified immunity—an issue in which he carries the burden—is bare bones. His invocation of *Rodriguez* and *Davis* is coupled with only a nonsensical sentence. (Doc. 37 at 4). Tasis is represented by counsel.

5

an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight" as well as "the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in good faith or maliciously and sadistically."[3]  *Id.* (citations omitted).

Tasis alleges that Newbern arrested him and handcuffed him behind his back "without probable cause[.]"  (Doc. 31 ¶ 16).  To the extent this allegation supports an artificial excessive force claim, that claim "is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." *Richmond*, 47 F.4th at 1180 (citations omitted).

Qualified immunity also defeats Tasis' claim to the extent that he asserts a genuine excessive force claim and challenges the manner in which his arrest was carried out.  His claim that he was "handcuffed behind his back despite LCSO policy and procedure" is a non-starter. (Doc. 31 ¶ 21).  Afterall, "many police departments have internal procedures that are more restrictive of conduct than what is otherwise permitted under state and federal law, and the

---

[3] Most of these factors are not at issue in this briefing. The severity of the crime—alleged driving under the influence and racing—could be characterized as severe, although these are not violent offenses. Tasis does not allege that he was resisting or a threat to Newbern. The focus of the briefing—whether Newbern acted unreasonably by leaving Tasis handcuffed behind his back for hours—seems to turn more on the amount of force used, the extent of the injury inflicted, and whether the force was applied in good faith or maliciously and sadistically. As discussed below, these factors favor dismissal.

6

Supreme Court has observed that a violation of these policies 'does not itself negate qualified immunity where it would otherwise be warranted.'" *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 813 (11th Cir. 2017) (quoting *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 615 (2015)).

Regardless of department policy, Newbern did not violate Tasis' clearly established rights by leaving him handcuffed behind his back for hours, even if he suffered from preexisting medical conditions. As the Eleventh Circuit instructs, "only the most exceptional circumstances will permit an excessive force claim on the basis of handcuffing alone." *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019). Tasis' own authority acknowledges that "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." *Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2002). And while those authorities recognize that preexisting conditions can alter the analysis, they also emphasize that "force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown to the officer at the time." *Id.* at 1353; *see also Davis v. Williams*, 451 F.3d 759, 767–68 (11th Cir. 2006) (distinguishing *Rodriguez* because the defendant knew about the plaintiff's bad shoulder and intentionally focused on it to inflict further pain).

Tasis' case does not involve the "most exceptional circumstances." As alleged, being handcuffed behind his back for a few hours "did not result in

7

severe or permanent harm and was inconsequential." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1326 n.30 (11th Cir. 2017) (describing as *de minimis* force a plaintiff being tightly handcuffed for almost three hours, which caused headaches, back pain, and loss of sensation in his right hand). He does not allege that he suffered from any serious injury like those found in the authorities he relies on. *See Rodriguez*, 280 F.3d 1341 (the defendant caused "loosening of the internal surgical hardware" and "displacement of a key bone fragment . . . resulting [in] complications includ[ing] more than twenty-five subsequent surgeries and ultimately amputation of the arm below the elbow"); *Davis*, 451 F.3d at 764 (the plaintiff's "neck and thumb were swollen," "he could not move his arms," and he "was diagnosed with a torn rotator cuff in his right shoulder, for which he underwent a surgical repair").

Tasis alleges only that being handcuffed behind his back caused him "a lot of pain[.]" (Doc. 31 ¶ 17). This is insufficient. *Compare Sebastian*, 918 F.3d at 1309 (finding that the serious and permanent nature of the alleged nerve damage due to handcuffing rendered the claim not de minimis) *with Hendrickson v. Cervone*, 661 F. App'x 961, 970 (11th Cir. 2016) (affirming dismissal of excessive force claim in which the plaintiff was handcuffed behind the back in a patrol car for three hours and complained about "extreme discomfort due to prior shoulder injury and burn scars" but did not allege that he sustained any injuries from the handcuffing); *Gold v. City of Miami*, 121

8

F.3d 1442, 1444 (11th Cir. 1997) (finding that qualified immunity barred the plaintiff's excessive force claim where the handcuffing caused only minor injuries).

Nor does Tasis allege that Newbern targeted his preexisting conditions to cause gratuitous pain. Tasis told Newbern about his preexisting conditions after he was already handcuffed and in the back of his patrol car. (Doc. 31 ¶ 17). As alleged, Newbern had no reason to believe Tasis suffered from a preexisting condition before he handcuffed him. *See Rodriguez*, 280 F.3d at 1353 (holding that force does not become excessive when it merely aggravates a preexisting condition the extent to which was unknown to the officer at the time). And there are no allegations that Newbern intentionally left Tasis handcuffed behind his back to inflict further pain. *See Davis*, 451 F.3d at 767–68 (distinguishing *Rodriguez*).

In short, Tasis experienced a "relatively common and ordinarily accepted non-excessive way to detain an arrestee." *Rodriguez*, 280 F.3d at 1351. The facts alleged—including Tasis' preexisting conditions—do not present exceptional circumstances to overcome Newbern's invocation of qualified immunity.

Accordingly, it is

**ORDERED:**

(1) Newern's Motion to Dismiss Count Five of the Second Amended Complaint (Doc. 33) is **GRANTED and Count V is DISMISSED**.

(2) **On or before May 6, 2025,** Newbern must answer the remainder of the second amended complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on April 22, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record